1  Andrew E. Smyth (SBN 60030)
2  Stephen S. Smyth (SBN 248433)
   William J. Smyth (SBN 265374)
3  **SW SMYTH LLP**
   4929 Wilshire Blvd, Suite 690
4  Los Angeles, CA 90010
5  T: (323) 933-8401
   F: (323) 933-6089
6  office@smythlo.com

7  Attorneys for Debtor
8  Karineh Elmira Assatourian

**FILED & ENTERED**

**FEB 03 2016**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY huerta     DEPUTY CLERK**

**CHANGES MADE BY COURT**

9
10             UNITED STATES BANKRUPTCY COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12                    LOS ANGELES DIVISION
13

14  In re:                          )  Chapter 13
                                    )  Bk No.: **2:15-bk-23629-NB**
15  KARINEH ELMIRA ASSATOURIAN,     )
                                    )  **[PROPOSED] ORDER APPROVING**
16         Debtor.                  )  **STIPULATION TO APPROVE FEE**
                                    )  **PURSUANT TO RIGHTS AND**
17                                  )  **RESPONSIBILITIES DUE TO**
                                    )  **DISMISSAL OF CASE**
18                                  )
                                    )  [NO HEARING REQUIRED]
19                                  )
                                    )
20                                  )
                                    )
21  _____

22  ///
23  ///
24  ///
25  ///
26  ///
    ///
27  ///
    ///
28  ///

1

[PROPOSED] ORDER APPROVING STIPULATION TO APPROVE FEE PURSUANT TO RIGHTS AND RESPONSIBILITIES DUE TO
DISMISSAL OF CASE

Based upon the Court's review of the Stipulation to Approve Fee Pursuant to Rights and Responsibilities Due to Dismissal of Case filed on January 28, 2016 as docket entry number 40 (the "Stipulation"), *this Court finds and concludes as follows:*

*Funds paid by the debtor and held by the Chapter 13 Trustee generally are required to be returned to the debtor upon dismissal or conversion of a bankruptcy case, after payment of administrative expenses and, when applicable, certain payments to creditors, pursuant to 11 U.S.C. §§ 348(f), 349(b), 1326(a)(2) and Rules 1019(5) and (6) (Fed. R. Bankr. P.). To implement these requirements, this Court has adopted Local Bankruptcy Rule ("LBR") 3015-1(q)(6). That local rule (1) establishes an initial 14 day holding period during which any party in interest may object to the presumptive "waterfall" of distributions provided by the local rule, or may file its own request for payment, or may object to any request for payment filed by anyone else, and (2) requires any administrative claimant to file an application or "other written request for payment," set it for hearing "if required," "serve it pursuant to the applicable rules," include a notice advising parties in interest that any objection to the allowance and payment of the administrative "must be filed and served no later than an additional 14 day period following service of such application or request" (LBR 3015-1(q)(6)(A)(i)(II)), and deliver a copy of the application or other request to the Chapter 13 Trustee (the "Claim Prerequisites"). LBR 3015-1(q)(6). The undersigned Bankruptcy Judge interprets the foregoing statutory provisions and rules as follows.*

(1) <u>The Stipulation is a sufficient writing</u>. The Stipulation is a sufficient "written request for payment" within the meaning of LBR 3015-1(q)(6).

(2) <u>No additional notice, hearing, or additional time after the initial 14 day period is required in this case</u>. Although notice and a hearing would be required for most fee applications pursuant to Rule 2002(a)(6) (Fed. R. Bankr. P.), and although a local rule cannot supersede a national rule, nevertheless for the following reasons no additional notice or hearing is required in the circumstances of this case. As a preliminary matter, the Bankruptcy Code states that "'after notice and a hearing', or a similar phrase – (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but (B) authorizes an act without an actual hearing if such notice is given properly and if – (i) such a hearing is not requested timely by a party in interest

*....″ 11 U.S.C. § 102(1). In this case, (a) the debtor and the Chapter 13 Trustee have executed the Stipulation, so they do not require any additional notice or hearing, and (b) as to all other parties in interest, (i) this district, like many others, provides a presumptive dollar amount of attorney fees that will be authorized for certain essential services, pursuant to a standard form of agreement between chapter 13 debtors and their attorneys, under LBR 3015-1(v)(1) & (5) (the "RARA"), (ii) that dollar amount of fees generally covers tasks that must be performed before the case is filed or soon after (see docket no. 4 at pp. 3-5, items in bold face type), so those fees typically will have been earned already, prior to dismissal or conversion of any (properly prosecuted) bankruptcy case, (iii) all parties in interest typically are on notice of whatever portion of the RARA was not paid prepetition, and hence what fees are being sought by the debtor's attorney, because those proposed fees must be included in the proposed chapter 13 plan that is required to be attached to the notice of the confirmation hearing (docket nos. 9 & 20 and LBR 3015-1(b)(3)), (iv) in any event, all such parties have an opportunity to object to the dollar amount of any requested fees either at the confirmation hearing (which was held in this case, see docket no. 37) or, pursuant to LBR 3015-1(q)(6), during the 14 day holding period before funds held by the Chapter 13 Trustee are distributed, (v) the Chapter 13 Trustee usually is in the best position to assess whether there is any reason to depart from the presumptively allowed dollar amount of fees in the RARA, and*

*(vi) resolution of issues by stipulation (or other form of settlement) is favored, particularly in bankruptcy cases, to avoid the expense, delay, and other burdens of litigation, and those considerations are particularly appropriate in this matter because if an additional 14 day waiting period were required after service of any stipulation then there would be further delay in distributing funds, which might prevent the debtor from making timely mortgage payments, or might otherwise increase the risk of further financial distress, to the likely prejudice of all parties in interest. For all of these reasons, the undersigned concludes that no additional notice or hearing is required in the circumstances of this case. <u>Caveat</u>: The parties are cautioned not to interpret this order as a general authorization to distribute funds pursuant to a stipulation in all cases. In future cases, the undersigned is inclined to*

*require additional notice and an opportunity for a hearing, even if the Chapter 13 Trustee were to stipulate to payment of attorney fees, for (a) any non-RARA fee application, such as a supplemental fee application, or (b) any stipulation that was not also executed by the debtor – because of the risk that a debtor might not be advised by, or fully comprehend advice from, the debtor's own attorney regarding the opportunity to object to the attorney's fees.*

Accordingly, ~~and~~ for good cause shown,

IT IS HEREBY ORDERED that ~~the Stipulation is hereby approved in its entirety~~.

1. <u>No distributions before the basic 14 day waiting period has expired</u>.  The Chapter 13 Trustee is directed to hold the funds until expiration of the basic 14 day waiting period after entry of the order (dkt. 37, entered 1/20/16) dismissing this case, as required by LBR 3015-1(q)(6) – i.e., the Chapter 13 Trustee may not make any distributions prior to February 4, 2016.  At that point, if no other request for distribution is made by a creditor or other administrative claimant, and if no objection to the presumptive distributions to the debtor's attorney and the debtor under LBR 3015-1(q)(6)(A) is timely filed, served, and delivered to the Chapter 13 Trustee pursuant to LBR 3015-1(q)(B), then the Chapter 13 Trustee is authorized to make distributions pursuant to the Stipulation.

2. <u>No additional notice, hearing, or waiting period</u>.  It is not necessary to serve notice of the Stipulation or any opportunity for any further hearing and wait for an additional 14 day period after filing or service of any such notice for any objections.  The initial 14 day period in the immediately preceding paragraph is sufficient.

### 

Date: February 3, 2016

_____
Neil W. Bason
United States Bankruptcy Judge